IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID S. JOHNSON, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     vs. | ) | Civil Action No. 12-39 |
| | ) | |
| MS. MARIROSA LAMAS, et al., | ) | Magistrate Judge Mitchell |
|     Respondents. | ) | |

MEMORANDUM OPINION and ORDER

Petitioner, David S. Johnson, an inmate incarcerated in the State Correctional Institution at Rockview, Pennsylvania, brings this petition for a writ of habeas corpus in accordance with 28 U.S.C. § 2254, challenging the May 25, 2010 decision of the Pennsylvania Board of Probation and Parole ("the Board") to revoke his parole. Petitioner claims that his parole was illegally revoked because his original maximum sentence date expired while he was incarcerated in Maryland. For the reasons that follow, the petition will be denied and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Procedural History

On February 28, 1985, Petitioner was sentenced in the Court of Common Pleas of Allegheny County, Pennsylvania to 5 to 10 years' imprisonment for his conviction on charges of burglary, receiving stolen property and possessing instruments of crime at No. CC 6331 of 1984. On March 17, 1989, he received an additional sentence of 2½ to 5 years' imprisonment on charges of escape at No. CP 1556 of 1988 in the Court of Common Pleas of Westmoreland County. Thus, on September 16, 1992, he had an aggregate sentence of 7½ to 15 years' incarceration and on that date, he was released on parole. As of September 16, 1992, Petitioner's

maximum sentence date was September 16, 1999.  (Answer Ex. 1.)[1]

On July 10, 1995, Petitioner was arrested on new criminal offenses (burglary, resisting arrest, possessing burglary tools, theft, destruction of property and felony theft by scheme) in Allegany County, Maryland.  (Answer Ex. 2.)  On August 20, 1997, after a second trial (following a reversal by the Court of Special Appeals of the judgment of the Circuit Court in his first trial), Petitioner was convicted of various crimes and on August 21, 1997, he was sentenced to a total of 24 years and 120 days' incarceration.  (Answer Ex. 3.)  On March 10, 2010, Petitioner was released from his Maryland sentence and returned to a Pennsylvania state correctional institution.  (Answer Ex. 4.)

On May 6, 2010, Petitioner signed a waiver of his right to counsel with respect to his parole revocation hearing. (Answer Ex. 5.)  On May 18, 2010, a parole revocation hearing was scheduled at the State Correctional Institution at Pittsburgh.  Petitioner indicated that he wished to have counsel represent him.  Because it was primary election day, the Office of the Public Defender was closed that day.  The panel offered Petitioner the choice of either continuing the hearing that day without counsel or requesting a continuance to a later date.  Petitioner walked out of the room.  The panel continued the hearing in Petitioner's absence and concluded that his parole should be revoked.  (Answer Ex. 6.)[2]

On May 25, 2010, Petitioner was recommitted as a convicted parole violator.  As a result

---

[1] ECF No. 8.
[2] The Court observes that, although the panel's citation to Petitioner's prior waiver of counsel was technically accurate, given that he indicated that he wished to have counsel, the better course under the circumstances would have been to continue the hearing until Petitioner was able to obtain counsel.  See 37 Pa. Code § 71.4(5) (stating that, if a parolee appears without counsel at a revocation hearing, it shall first be determined whether he wishes to exercise the right to counsel and if he does, the panel shall terminate the proceedings and reschedule the hearing); Africa v. Pennsylvania Bd. of Probation and Parole, 556 A.2d 506 (Pa. Commw. 1989) (Board properly continued the hearing, even in the absence of the petitioner's willingness to sign the continuance form, when he expressed his desire to be represented by counsel).

of his recommitment as a convicted parole violator, Petitioner's parole violation maximum date was established at October 25, 2015. (Answer Ex. 7.)

On June 28, 2010, Petitioner filed a counseled administrative appeal of the parole revocation decision. (Answer Ex. 8.) On August 23, 2010, the administrative appeal was denied. (Answer Ex. 9.)

On September 21, 2010, Petitioner filed a counseled petition for review in the Commonwealth Court of Pennsylvania's appellate jurisdiction. (Answer Ex. 10.) On October 19, 2010, Petitioner, through counsel, withdrew the petition for review that was filed in the Commonwealth Court, which had been docketed at No. 1961 CD 2010. (Answer Ex. 11.) On October 21, 2010, the petition for review was marked discontinued in the Commonwealth Court. (Answer Ex. 12.)

Petitioner also states that, on June 6, 2010, he mailed a petition for habeas corpus relief to the Court of Common Pleas of Allegheny County, in which he raised the issue that he did not owe any time on his sentence to the state of Pennsylvania and that he was being held beyond the maximum expiration date of any term of sentence previously owed to the state of Pennsylvania.[3] He further states that the Court of Common Pleas disregarded his wishes and treated the matter as a petition pursuant to the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-46 (PCRA). The docket sheet for Petitioner's Allegheny County conviction, No. 6331 of 1984, reflects that the court received his filing on June 18, 2010; that on October 8, 2010, Judge Durkin appointed Charles Robert Pass to represent Petitioner and file an amended petition; that Pass moved to withdraw as counsel on October 18, 2010; that this motion was granted on November 8, 2010; that Judge Durkin ordered Petitioner to notify the court whether he intended to continue with his

---

[3] Respondents indicate that they were not served with these documents. Nevertheless, they are public records that can be cited herein.

PCRA petition pro se; that Judge Durkin filed a Notice of Intention to Dismiss PCRA Petition on January 4, 2011; that Judge Durkin entered an order denying the PCRA petition on February 9, 2011; and that on March 3, 2011, Petitioner filed a Notice of Appeal.

On April 6, 2011, Petition filed a petition for writ of mandamus in the Court of Common Pleas, which was assigned civil action No. GD 11-7047. He sought to have the state court order the Director of the Department of Court Records and Judge Durkin to treat his petition as a habeas petition and not as a PCRA petition. On May 3, 2011, Administrative Judge O'Brien entered an order dismissing the petition for writ of mandamus as a frivolous collateral attack on Judge Durkin's order.

On May 23, 2011, Petitioner filed a notice of appeal in the Pennsylvania Commonwealth Court, which was docketed at No. 1975 CD 2011. According to the docket sheet, on June 17, 2011, the court sent the appeal back to Petitioner for correction because he had not submitted the $73.50 filing fee or a motion to proceed in forma pauperis and he had not served his notice of appeal on the trial judge and the appellees. The docket further reflects that, on June 24, 2011, Petitioner partially complied with this order, but did not fully comply. Thus, on July 8, 2011, the Commonwealth Court issued an order dismissing the appeal for his failure to comply with the correction notice dated June 17, 2011.

Petitioner then initiated the pending action in this Court by filing a motion to proceed in forma pauperis on January 11, 2012 and after it was granted the petition was filed on January 13, 2012 (ECF No. 2). On February 10, 2012, Respondents filed an answer. They contend that: 1) Petitioner failed to exhaust his state court remedies by withdrawing his appeal of the Board's decision from the Commonwealth Court on October 19, 2010; 2) his failure to properly present and exhaust his state court remedies constitutes a procedural default barring his claim from

review in federal court and he fails to meet any exception to the procedural bar; 3) his petition is untimely because he filed it more than one year after the Board's May 25, 2010 decision that revoked his parole; and 4) the claim is without merit in any event because the Pennsylvania parole statute allows the Board to recommit parolees for crimes committed while on parole, even though the new conviction does not occur until after the expiration date of the original sentence, and the Board accurately calculated that Petitioner's new maximum sentence date would be October 25, 2015.

Although the Court ordinarily would first address the procedural issues of whether Petitioner exhausted his state court remedies and whether his petition is timely filed, those questions are complicated by the various filings he submitted between October 19, 2010 and the time he initiated this case, filings to which the Board did not have access. The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). See Pagan v. Pennsylvania Bd. of Probation and Parole, 2009 WL 210488, at *4 (E.D. Pa. Jan. 22, 2009) (denying a parole revocation claim on the merits despite the petitioner's failure to exhaust state court remedies). Respondents have addressed the merits of the petition in the alternative. Therefore, the Court turns to the merits of Petitioner's claim concerning the revocation of his parole.

Revocation of Parole Based Upon a New Conviction

The Pennsylvania Prisons and Parole Code provides that:

> A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere

5

> at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and shall be given no credit for the time at liberty on parole.

61 Pa. C.S. § 6138(a)(1, 2). Pennsylvania courts have "repeatedly held that the Board may recommit and recompute the sentence of a parolee who commits a crime while on parole although he is not convicted and his parole is not revoked, until after the maximum date of the original sentence." Fletcher v. Pennsylvania Bd. of Probation and Parole, 2008 WL 408405, at *5 (E.D. Pa. Feb. 12, 2008) (quoting Pyatt v. Pennsylvania Bd. of Probation and Parole, 374 A.2d 755, 756 (Pa. Commw. 1977)).

Petitioner was on parole from his Pennsylvania sentence on August 20, 1997 when he was convicted in Maryland of various crimes punishable by imprisonment. Thus, the Board properly revoked his parole and recommitted him to serve the remainder of his term. The Court of Appeals for the Third Circuit has determined that Pennsylvania's parole statute is constitutional, United State ex rel. Lawson v. Cavell, 425 F.2d 1350, 1352 (3d Cir. 1970), and has expressly adopted a district court holding that "[n]o [federal] constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum." United States ex rel. Heacock v. Myers, 367 F.2d 583 (3d Cir. 1966) (expressing "complete accord" and affirming opinion of district court in United States ex rel. Heacock v. Myers, 251 F. Supp. 773, 774 (E.D. Pa. 1966)).

The Supreme Court has held that a parole violator who is incarcerated in another forum is not entitled to a prompt parole revocation hearing, but that the jurisdiction whose parole he violated can wait until he completes his sentence before deciding whether to recommit him as a

parole violator. Moody v. Daggett, 429 U.S. 78 (1976). Pennsylvania's regulations similarly state that the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a state correctional facility. 37 Pa. Code § 71.5(a).

Finally, the Board has explained how it calculated Petitioner's parole violation maximum date. Petitioner was released on parole on September 16, 1992. (Answer Ex. 1.) On that date, Petitioner's maximum sentence date was September 16, 1999. Id. Thus, a total of 2556 days remained on his sentence. Because Petitioner was recommitted as a convicted parole violator (as opposed to a technical parole violator), he was not entitled to credit for any period he was at liberty on parole. 61 Pa. C.S. § 6138(a)(2). Petitioner received 501 days credit against the 2556 day balance of his sentence for a period of time that he was previously detained for technical parole violations and pending disposition of unrelated criminal charges, namely from June 7, 1993 through October 21, 1994. (Answer Ex. 15). In sum, Petitioner owed a total of 2055 days on his original sentence by virtue of the fact that he was recommitted as a convicted parole violator.

Petitioner became available to serve the balance of his sentence on March 10, 2010, when he was released from his Maryland sentence and returned to a Pennsylvania state correctional institution. (Answer Ex. 4.) See 61 Pa. C.S. § 6138(a)(4) & (5). Adding 2055 days to March 10, 2010 results in a parole violation maximum date of October 25, 2015. This is what the Board calculated (Answer Ex. 15) and it is correct.

Accordingly, the petition here is without merit and will be denied.

<u>Certificate of Appealability</u>

The decision whether to grant or deny a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893

7

(1983). If a certificate of appealability is granted, the Court of Appeals must consider the merits of the appeal. However, when the district court denies a certificate of appealability, the Court of Appeals can still grant one if it deems it appropriate. 28 U.S.C. § 2253. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This petition does not present a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

For these reasons, the petition for writ of habeas corpus will be denied and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

ORDER

AND NOW, this 22nd day of February, 2012, for the reasons set forth in the foregoing Memorandum, IT IS ORDERED that the petition for writ of habeas corpus filed by David S. Johnson is DENIED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

        s/Robert C. Mitchell_____
        ROBERT C. MITCHELL
        United States Magistrate Judge

cc:    David S. Johnson
       AP-8174
       SCI Rockview
       Box A
       One Rockview Place
       Bellefonte, PA 16823